IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1742-02






MICHAEL SANDERS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


SMITH COUNTY






 Hervey, J., delivered the opinion of the Court in which Keller, PJ., Keasler,
Holcomb and Cochran, JJ., joined. Meyers, J., filed a dissenting opinion in which Price,
J., joined. Womack, J., and Johnson, J., dissented.



OPINION 



 In this case we decide that the Court of Appeals misapplied the Jackson v. Virginia legal
sufficiency standard of review in holding that the evidence was legally insufficient to support a jury's verdict
convicting appellant of burglary. See generally Jackson v. Virginia, 99 S.Ct. 2781 (1979).

 The evidence showed that on the morning of July 17, 2000, the complainant discovered that one
of his furnished but vacant rent houses had been burglarized. Earlier that morning, a neighbor saw a heavy
black man and a slim black man taking items out of the house and loading them into a tan or gray pickup
truck with a dent on the side. The neighbor did not get close enough to identify any of these individuals with
greater detail.

 Later that afternoon, the complainant was sitting in his truck near the burglarized house when he
saw a heavy black man and a slim black man drive up to the house in a tan or gray pickup truck with a dent
on the side. One of these individuals was appellant, whom the evidence shows could be described as
heavy. When the complainant asked the men what they were doing, they said that they had been hired by
someone named Willie Harris, who lived at a particular address on Confederate Street, to move furniture
from the house. But, appellant and the other man then left without going into the house or taking any
furniture.

 The record reflects that, during the police investigation, appellant became a suspect the day after
the burglary. The police investigation further revealed that a vacant house was located at the address on
Confederate Street and no one by the name of Willie Harris had ever lived there. The police attempted
to, but could not locate anyone by the name of Willie Harris in the area of the house on Confederate Street. 
The owner of the pickup truck provided the police with information that further confirmed appellant as a
suspect in the burglary. The police were unable to locate appellant until January 2001 at which time he was
arrested for the burglary.

 Appellant apparently left town for about three months after he became a suspect during the burglary
investigation. Appellant claimed in a statement to the police that he was out of town between "the first part
of August to the first part of October" and, therefore, could not have had anything to do with the burglary
since (according to appellant) the burglary occurred during this time.

 Appellant claimed in two points of error on direct appeal that there was "insufficient evidence" to
support his conviction. The Court of Appeals found the evidence legally insufficient to support appellant's
conviction under Jackson v. Virginia because it did not support a finding beyond a reasonable doubt that
appellant was the heavy man whom the neighbor saw burglarizing the house. Sanders v. State, slip op.
at 3-4 (Tex.App. No. 12-01-00255-CR, delivered August 21, 2002) (nonpublished). The Court of
Appeals, therefore, reversed appellant's conviction and rendered a judgment of acquittal. See id.

 This Court exercised its discretionary authority to review this decision. The sole ground in the
State's discretionary review petition states:

 The Court of Appeals erred by applying a factual sufficiency review to a review of the legal
sufficiency of the evidence, despite claiming to apply the correct standard of review.


 The State argues on discretionary review that appellant raised only a Jackson v. Virginia legal
sufficiency claim on direct appeal and that the Court of Appeals misapplied the legal sufficiency standard
of review by actually applying a factual sufficiency standard of review. See generally Johnson v. State,
23 S.W.3d 1, 7 (Tex.Cr.App. 2000) (explaining difference between legal and factual sufficiency standards
of review); Clewis v. State, 922 S.W.2d 126, 133-34 (Tex.Cr.App. 1996) (same). Appellant claims that
he raised a factual sufficiency claim on direct appeal and that the Court of Appeals properly applied a
factual sufficiency standard of review in reversing his conviction.

 We conclude, however, that the Court of Appeals applied only a legal sufficiency standard of
review. Its opinion cited only Jackson v. Virginia and it directed the remedy of an acquittal which is
provided when an appellate court determines that the evidence is legally insufficient to support a conviction. 
See Sanders, slip op. at 3-4; see also Tibbs v. Florida, 102 S.Ct. 2211, 2221 (1982); Clewis, 922
S.W.2d at 133-34.

 We, therefore, find it necessary to address only whether the Court of Appeals misapplied the
Jackson v. Virginia legal sufficiency standard of review and not whether it actually and properly applied
a factual sufficiency standard of review. The relevant appellate inquiry for assessing legal sufficiency is
whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. See Jackson, 99 S.Ct. at 2789. 
This standard is meant to give "full play to the [jury's] responsibility fairly" to "draw reasonable inferences
from basic facts to ultimate facts." See id.

 In this case, the ultimate fact in question was appellant's identity as the heavy man whom the
neighbor saw burglarizing the house. A rational jury could have inferred the ultimate fact that appellant was
this man from the evidence that the complainant identified appellant (whom other evidence showed is
heavy) as being at the burglarized house on the afternoon of the burglary in a specifically described pickup
truck and that appellant generally fit the description of one of the men whom the neighbor saw earlier that
morning in a similarly described pickup truck burglarizing the house.

 Further evidence from which a jury could have inferred this ultimate fact is that appellant left the
house without moving any furniture after telling the complainant that he was there to move furniture. Other
evidence from which a jury could have inferred this ultimate fact is that appellant's claim that a man named
Willie Harris at a particular address on Confederate Street hired him to move furniture from the house was
false. And, the evidence that appellant left town after he became a suspect in the burglary investigation is
more evidence from which a rational jury could have inferred this ultimate fact. On this record, we cannot
say that a jury would have unfairly or irrationally inferred appellant's identity as one of the burglars from
these basic facts. The Court of Appeals misapplied the Jackson v. Virginia legal sufficiency standard of
review by not giving full play to the jury's responsibility to do this.

 The judgment of the Court of Appeals is reversed and the case is remanded there for further
proceedings consistent with this opinion.

 Hervey, J.


Delivered: November 5, 2003

Publish